IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TARIQ MALIK,** | |
| Plaintiff, | Case No. 10 C 3451 |
| v. | Hon. Harry D. Leinenweber |
| **FALCON HOLDINGS, LLC,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Defendant Falcon Holdings, LLC (hereinafter, "Falcon") moves for summary judgment in this employment discrimination case brought by former employee Tariq Malik (hereinafter, "Malik"). The sole issue on which Defendant claims it is entitled to summary judgment is its contention that Malik has not presented any evidence of damages, which is essential to his claim for age discrimination. For the reasons stated, the Court denies the motion.

### I. BACKGROUND

The following facts are taken from the parties' Local Rule 56.1 statements, deposition testimony, and exhibits, with disputes noted as they occur. Because the specifics of Malik's discrimination claims are largely irrelevant to the present motion, the Court will only briefly summarize them.

Malik brought this suit under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, against Falcon, a Delaware

corporation doing business in the Northern District of Illinois. He first began working for Falcon in December 1999. His employment was terminated in 2001, but he subsequently rejoined the company in March 2005. In October 2009, at age 52, Malik was fired. He contends that the company's CEO Aslam Khan ("Khan"), frequently denigrated him during meetings, and told other executives that Malik was "too old." He also contends that when company president Khaled Habash ("Habash") fired him, Habash told him he was too old for the job. Falcon denies these allegations. After his firing, Malik tried to work for a start up venture that failed, and unsuccessfully sought other employment.

Malik's Complaint alleges that he suffered emotional and physical distress, mental and physical anguish, and loss of reputation, humiliation, and embarrassment as a result of his firing. (Malik now agrees, however, that he is not entitled to damages for emotional distress under the ADEA.) The Complaint also alleges that Malik suffered lost earnings and benefits, and an impairment of his ability to work in the future.

Apparently, although the parties agreed to make initial disclosures under Rule 26(a) by September 31, 2010, neither did so. In an interrogatory, Falcon asked Malik to "describe in detail and categorize all damages or injuries you claim to have sustained as a result of any discriminatory action or conduct by Falcon, Khan, or any other employee or agent of Falcon as described in the

Complaint." ("Interrogatory No. 14") In response, Malik replied, "Malik has suffered loss of income and emotional distress, mental anguish, humiliation and loss of self-esteem as a result of discriminatory conduct alleged in My Complaint."

In another interrogatory, Falcon inquired as to whether Malik had received any medical or psychiatric treatment as a result of the alleged discrimination ("Interrogatory No. 15"). Malik responded that he had not.

During his deposition, Falcon's counsel asked Malik whether he had given complete and full answers to these interrogatories, as well as others. He said he had.

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate where the record shows that there is no genuine dispute as to an issue of material fact. FED. R. CIV. P. 56(a). A fact is material if it could affect the outcome of the suit under the governing law, and a dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In ruling on summary judgment, the Court does not weigh the evidence or determine the truth of the matter, but determines whether a genuine issue of material fact exists that warrants trial. *Id.* at 249. In addressing a motion for summary judgment, the court must review the record in the light most favorable to the

non-moving party and draw all reasonable inferences in that party's favor. *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 965 (7th Cir. 1998). A genuine issue of fact, however, is not shown by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party bears the burden of establishing the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on mere allegations, but must present specific facts showing that a genuine issue exists for trial. *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir. 1984). To support their positions that a genuine issue of material fact does or does not exist, the parties may cite to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, and interrogatory answers, or show that the materials in the record do or do not establish a genuine dispute. Fed. R. Civ. P. 56(c).

### III. ANALYSIS

As a preliminary matter, Falcon asks this Court to disregard Malik's response to its summary judgment motion because he filed it a week late and without leave of the Court. However, given that

Falcon had an opportunity to reply to this response, the Court will consider it. *Edmonds v. Operating Eng'r Local 139*, 620 F.Supp.2d 966, 968 (W.D. Wis. 2009).

Falcon also moves to strike Paragraphs 11-14 of Malik's Counter Statement of Material Facts. In Paragraph 11, Malik stated that he reaffirmed his interrogatory answers during his deposition testimony. In Paragraph 12, he pointed to his tax returns from 2005 until his termination in 2009 as forming the basis for his calculation of damages. In Paragraph 13, he stated that he was competent to testify regarding his wage loss, and pointed to an affidavit in which he said his income from Falcon Holdings from 2005 through 2009 was the basis for his damages. Finally, in Paragraph 14, Malik stated that although neither party has explicitly exchanged information under Rule 26, he provided the information required to be exchanged under it.

Falcon takes issue with Paragraph 11 because Malik does not point to where in the deposition he reaffirmed his interrogatory answers. Although Malik failed to give a citation to the record, there is no dispute that he reaffirmed these answers. *See* Malik Dep. 8:24-9:13. In fact, this forms part of the basis of Defendant's Summary Judgment Motion, so Paragraph 11 will not be stricken.

Similarly, and more problematic, in Paragraph 14 Malik does not provide record support for his assertion that although neither

party exchanged Rule 26(a) disclosures, he did supply the information required by this rule. In fact, it appears to the Court that Malik did not provide a computation of his damages until filing his response to this motion, so the Court strikes Paragraph 14.

Essentially, the basis for the remainder of Falcon's Motion to Strike is that because Malik offers this information for the first time with his response brief, the Court cannot consider Malik's affidavit or his tax returns. Because the question of whether to strike these paragraphs is bound up with the question of whether to grant Falcon's summary judgment motion, the Court will consider them together.

In his affidavit, Malik provides his annual income from Falcon from 2005 until the date of his firing in 2009. These are the same amounts listed on his tax returns. Malik plans to testify that had he not been terminated, his annual income would have been $122,852, based on his 2009 salary prior to his termination. He uses this figure as the basis for this claim for both back and front pay.

Rule 26 requires that, as party of his initial disclosures, a party claiming damages must give the opposing party:

> a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . . .

- 6 -

Fed. R. 26(a)(1)(A)(iii). If a party fails to so disclose, the party may not use that information to supply evidence on a motion, or at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *see Dynegy Mktg. and Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011). Whether a failure to comply warrants sanctions is "left to the broad discretion of the district court." *Dynegy Mktg.*, 648 F.3d at 514. The relevant factors to consider include: (1) the prejudice or surprise to the opposing party; (2) the ability of the offending party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) whether the failure to disclose involved bad faith or willfulness. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In arguing that Malik should not be able to present evidence of his wages, Falcon relies in part on *Dunkin' Donuts, Inc. v. N.A.S.T. Inc.*, 428 F.Supp.2d. 761, 771 (N.D. Ill 2005), in which the court found that a franchisor was entitled to summary judgment on a claim brought under the Illinois Franchise Disclosure Act because the franchisee had failed to provide any competent and admissible evidence of damages. In *Dunkin' Donuts*, the franchisee claimed losses due to his inability to sell and remodel his franchises. *Id.* But while the franchisee claimed he suffered losses in excess of $2 million, he made no attempt to allocate those damages or provide documentary support as to that

computation. *Id.* at 769. Nor did he provide documentary support as to his claimed damages. *Id.*

When asked about his damages at his deposition, the franchisee "did his level best to avoid answering," and offered only vague estimates. *Id.* at 770. At summary judgment, the franchisee offered an affidavit and financial documents purportedly showing his damages, but the court rejected them because of the franchisee's failure to make the required initial disclosures. *Id.* at 770-71.

However, this case has some important differences from *Dunkin' Donuts* and the other authority upon which Falcon relies. The Court notes that during Malik's deposition, counsel for Falcon had ample opportunity to ask Malik about the basis for his damages, but did not do so. Instead, he merely asked him if his interrogatory answers were "full and complete," and whether he had omitted any information. Malik responded that his answers were complete, and Falcon's counsel did not further question him about his damages.

Nor did Falcon's counsel raise with this Court Defendant's belief that Malik's interrogatory response in regard to his damages was insufficient. Rather, it appears, Falcon preferred to "save" this issue for summary judgment in the hopes of prevailing in what otherwise appears to be a case fraught with disputed issues of material fact. Further, this is not a case like *Dunkin' Donuts* in which damages are speculative. If Malik was wrongfully terminated,

he certainly suffered damages, and those damages are tied to his wages. *Cf. Woltman v. Am. States Ins. Co.*, No. 05-2198, 2006 WL 3004009, at *3 (C.D. Ill. Oct. 20, 2006) (allowing breach of contract claim to go forward without expert testimony as to damages because damages were within the plaintiff's personal knowledge).

Frustratingly, Malik's response in support of his motion for summary judgment does not address the issue at hand, namely why he did not disclose the basis for his damage computations earlier, and whether Rule 37 requires this Court to disregard them. Instead, Malik unhelpfully recounts the various types of damages available in an employment discrimination case and argues that he is not required to prove damages "with mathematical precision." This is true, but is not the real issue here.

Nonetheless, it appears that Malik's damages claims are based entirely on his salary while employed with Falcon, and the company clearly knows, and knew from the start of this case, how much it paid Malik. So it is difficult to see how allowing Malik to present evidence as to his lost wages harms Falcon. Falcon claims that it has had no opportunity to rebut or probe Malik's theories or offer its own theories. However, the theories upon which Falcon claims damages — back pay, front pay, and liquidated damages for willful conduct — are not surprising in this type of case. Nor does Falcon explain what it would have done differently had Malik

disclosed his wage data sooner. Because the Court cannot see how Falcon will be prejudiced, it cannot prevail on its motions.

### IV.  CONCLUSION

For the reasons stated herein, Defendant Falcon's Motion for Summary Judgment [29] is denied. Falcon's Motion to Strike Portions of Plaintiff's Response to Defendant's Motion for Summary Judgment [43] is granted in part and denied in part. Paragraph 14 of Malik's Counter Statement of Material Facts is stricken.

**IT IS SO ORDERED.**

                                         Harry D. Leinenweber, Judge
                                         United States District Court

**DATE:** 12/29/2011